UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

MY SU,

        Petitioner,

        v.                        CAUSE NO. 3:26-CV-299-CCB-SJF

BRIAN ENGLISH,

        Respondent.

## OPINION AND ORDER

Immigration detainee My Su, by counsel, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241, alleging that he is unlawfully confined in violation of the laws or Constitution of the United States. ECF 1. The respondent has answered the petition, and Su has filed a reply. ECF 7, ECF 8. The petition is ready to be decided.

## BACKGROUND

Su is a Vietnamese citizen who entered the United States in 1980 as a refugee. ECF 7-1 at 3-4. On August 8, 2000, an immigration judge ordered him removed to Vietnam following a criminal conviction in Canada. *Id.* On July 4, 2001, Su was released on an Order of Supervision due to no significant likelihood of removal within the reasonably foreseeable future. *Id.* On February 24, 2012, Immigration and Customs Enforcement detained him again following a criminal conviction in the United States, but released him on an Order of Supervision on May 24, 2012, due to no significant likelihood of removal within the reasonably foreseeable future. *Id.* On July 6, 2020, ICE

detained him a third time following another criminal conviction but released him on the same day due to no significant likelihood of removal within the reasonably foreseeable future. *Id.* On September 22, 2025, ICE detained him a fourth time, and Su is currently held at the Miami Correctional Facility. ECF 1.

On March 12, 2026, the respondent represented that the government intended to remove Su to Vietnam but that it was unlikely that he would be removed within the next thirty days. ECF 6. The respondent also provides a declaration from an ICE officer, attesting, "[ICE] is engaged in active measures to remove My Su to Vietnam. Currently, [ICE} is working to secure a travel document that will permit his entry into Vietnam. [ICE] anticipates issuance of the necessary travel document in the foreseeable future." ECF 7-3.

<u>SUBJECT MATTER JURISDICTION</u>

The respondent first argues that the court lacks subject matter jurisdiction over Su's habeas petition under 8 U.S.C. § 1252(g) and § 1252(b)(9). This court has thoroughly considered its jurisdiction to review post-removal-order immigration detention. For the reasons previously stated, jurisdiction is secure. *See Liang, v. English*, No. 3:25CV1052 DRL-SJF, 2026 WL 835853, at *1 (N.D. Ind. Mar. 26, 20260 (Leichty, J.); *Pho v. Noem*, No. 3:25-CV-977-CCB-SJF, 2025 WL 3750684, at *1-*4 (N.D. Ind. Dec. 29, 2025) (Brisco, J.) (discussing § 1252(g)), *appeal docketed* No. 26-1404 (7th Cir. Mar. 2, 2026).

<u>MERITS</u>

Regarding the merits of the petition, the respondent first argues that Su's

detention is lawful under 8 U.S.C. § 1231 because the statute authorizes detention

pending execution of a removal order. However, beyond the "removal period,"[1] which

for Su ended at least two decades ago, continued detention is authorized only for

certain noncitizens delineated in § 1231(a)(6) and only as long as removal is reasonably

foreseeable. *See Zadvydas v. Davis*, 533 U.S. 678, 699 (2001) ("[O]nce removal is no longer

reasonably foreseeable, continued detention is no longer authorized by statute."). The

Supreme Court has instructed that once removal is not reasonably foreseeable, "the

court should hold continued detention unreasonable and no longer authorized by

statute," though any release "may and should be conditioned on any of the various

forms of supervised release that are appropriate in the circumstances, and the alien may

no doubt be returned to custody upon a violation of those conditions." *Id.* at 699–700.

In *Zadvydas*, the Supreme Court adopted a "presumptively reasonable period of

detention" of six months in recognition of the Executive Branch's primary responsibility

in foreign policy matters and the sometimes sensitive nature of repatriation negotiations

that may call for difficult judgments regarding whether removal is reasonably

foreseeable. *Zadvydas*, 533 U.S. at 689. "After this 6–month period, once the alien

---

[1] The removal period begins on the latest of three events: (1) the date the removal order becomes administratively final, (2) the date of a reviewing court's final order if the noncitizen seeks judicial review and the court orders a stay of removal, or (3) upon the noncitizen's release from non-immigration detention or confinement. 8 U.S.C. § 1231(a)(1)(B).

provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." *Id.* at 701. Because Su has been in detention for longer than six months, the court turns to whether his removal is reasonably foreseeable.

To start, the respondent identifies Vietnam as the only country under consideration for removal. Su has been released from immigration detention in 2001, 2012, and 2020, and the reason provided for each release was that there was no significant likelihood of Su's removal within the reasonably foreseeable future. His most recent term of detention now spans six months. The court finds that this showing suggests that Vietnam has and will refuse to accept Su and constitutes good reason to believe that there is no significant likelihood of Su's removal in the reasonably foreseeable future.

To rebut this showing, the respondent offers only a vague attestation that the government is continuing to work on securing travel documents for Su from Vietnam. This meager showing does not persuade the court that Su's removal is likely to occur within the reasonably foreseeable future. It does not explain why efforts to remove Su will be successful now when they were unsuccessful in 2001, 2012, and 2020. It also does not describe what efforts the government has taken to obtain travel documents or explain why travel documents have not been obtained after six months of detention. Consequently, the court finds Su's removal is not reasonably foreseeable. Therefore, the respondent must release Su.

In the petition, Su also seeks a permanent injunction: (1) preventing the government from detaining him again absent clear and convincing evidence that removal to Vietnam has become imminently feasible; and (2) requiring the government to afford him certain procedures if it seeks to remove Su to another country. Habeas allows for equitable remedies and allows courts "to fashion appropriate relief other than immediate release." *Peyton v. Rowe*, 391 U.S. 54, 66 (1968). But the custody requirement is absolute, *see Maleng v. Cook*, 490 U.S. 488, 492 (1989) ("While we have very liberally construed the "in custody" requirement for purposes of federal habeas, we have never extended it to the situation where a habeas petitioner suffers no present restraint from a conviction."), even if that custody is in the future, *see Preiser v. Rodriguez*, 411 U.S. 475, 487 (1973) ("[T]he writ is available as well to attack future confinement and obtain future releases.").

Significantly, the sole respondent in this case is the Warden of the Miami Correctional Facility, who lacks the authority necessary to carry out the requested injunction. Further, there is no indication that the government is likely to unlawfully detain Su again or that it will attempt to remove him to a country other than Vietnam. Because Su raises only the speculative possibility of future confinement, the court declines to issue a permanent injunction.

For these reasons, the court:

(1) **PARTIALLY GRANTS** the petition for writ of habeas corpus (ECF 1) and ORDERS the respondent to release My Su on the same conditions of supervised release

that existed before his re-detention and to certify compliance with this order by filing a notice with the court by **April 1, 2026**;

(2) **DIRECTS** the clerk to email a copy of this order to the Warden of the Miami Correctional Facility at the Indiana Department of Correction to secure his release; and

(3) **ORDERS** that any fee petition should be filed within the deadlines set by the Equal Access to Justice Act, 28 U.S.C. § 2412.

SO ORDERED on March 30, 2026

/s/ *Cristal C. Brisco*

CRISTAL C. BRISCO, JUDGE
UNITED STATES DISTRICT COURT